**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

PATRICIA E. HUBBARD,
      Appellant,

    v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
AT-0353-13-7341-B-3

DATE: June 29, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John R. Macon, Memphis, Tennessee, for the appellant.

Lori L. Markle, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1       The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is a Mail Handler at the agency's Air Mail Center in Memphis, Tennessee. *Hubbard v. U.S. Postal Service*, MSPB Docket No. AT-0353-13-7341-I-1, Initial Appeal File (IAF), Tab 1 at 1, Tab 7 at 63. She suffered an on-the-job injury to her left rotator cuff in 2004. IAF, Tab 7 at 77. She also developed deep vein thrombosis following post-operative repair of her rotator cuff. *Id.* at 43. As part of the National Reassessment Process, the agency placed the appellant off work on or about August 11, 2010. She appealed that action to the Board, and, after that case settled, she returned to work at the agency. After the appellant sustained additional on-the-job injuries, on September 21, 2012, April 23, 2013, and June 13, 14, and 18, 2013, respectively, she underwent a series of medical examinations and continued to return to work with significantly reduced medical restrictions. *Id.* at 31, 35-47, 61. She filed claims for compensation with the Office of Workers' Compensation Programs (OWCP), which OWCP accepted for her injuries to her back and neck, left elbow, left rotator cuff, as well as her deep vein thrombosis condition. IAF, Tab 7 at 35, 43, 77, Tab 10 at 19-20. As a result of her injuries, the appellant worked various

limited-duty assignments for many years. IAF, Tab 7 at 53-59, 65-72. Most recently, she performed work repairing damaged letters. *Hubbard v. U.S. Postal Service*, MSPB Docket No. AT-0353-13-7341-B-1, Remand File (B-1 RF), Tab 22, Hearing Compact Disc (testimony of the appellant).

¶3    On August 9, 2013, the agency offered the appellant a limited-duty assignment, which included, among other things, repairing damaged mail including letters and flats. IAF, Tab 7 at 28. The appellant refused the offer, explaining that damaged flats were too heavy for her to lift and that she was planning to have her left elbow repaired. *Id.* at 28-29. As a result of the appellant's refusal to accept the job offer, the agency sent her home. *Id.* at 26.

¶4    On September 6, 2013, the appellant filed a Board appeal. IAF, Tab 1. The administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that she was absent from her position due to a compensable injury because OWCP had not approved her claim for compensation for her left elbow injury. *Hubbard v. U.S. Postal Service*, MSPB Docket No. AT-0353-13-7341-I-1, Initial Decision (Nov. 12, 2013).

¶5    The appellant filed a petition for review, and the full Board remanded the appeal, finding that she had presented evidence below that OWCP had approved her claim for compensation for her elbow injury. *Hubbard v. U.S. Postal Service*, MSPB Docket No. AT-0353-13-7341-I-1, Remand Order, ¶ 4 (Nov. 25, 2014) (Remand Order). The Board further found that the appellant established that she was denied restoration due to a December 11, 2013 OWCP determination that the agency's August 9, 2013 limited-duty job offer was unsuitable based on medical documentation dated August 14, 2013, and October 29, 2013. *Id.*, ¶ 8. Finally, the Board also found that the appellant nonfrivolously alleged that the agency acted arbitrarily and capriciously when it sent her home on August 9, 2013, and remanded the appeal for a jurisdictional hearing on this issue. *Id.*, ¶ 9. The Board noted, however, that the agency may not have acted arbitrarily and

capriciously to the extent it believed in good faith that it would receive a favorable suitability determination from OWCP. *Id.*

¶6      On remand, after holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction. *Hubbard v. U.S. Postal Service*, MSPB Docket No. AT-0353-13-7341-B-3, Remand File (B-3 RF), Tab 10, Remand Initial Decision (RID).[2] The administrative judge credited the appellant's supervisor's testimony that he considered the appellant's medical restrictions, understood that her medical restrictions prevented her from lifting more than five pounds, but that he believed the August 9, 2013 job offer complied with her medical restrictions because flats, which are typically magazines, do not weigh more than five pounds. RID at 6-8. He further credited the appellant's supervisor's testimony that damaged mail is brought to limited-duty employees to repair while they are seated at a table, and the mail is placed next to the table in various manners to provide the limited-duty employees easy access to the letters and flats. RID at 7. Thus, the administrative judge found that the agency believed in good faith that it would receive a favorable suitability determination from OWCP, and so the appellant had not met her burden of proving that the agency acted arbitrarily and capriciously. RID at 8.

¶7      The appellant has filed a petition for review in which she disputes that the August 9, 2013 job offer was within her medical restrictions and contends that the agency acted arbitrarily and capriciously in sending her home on August 9, 2013, without first allowing her to have her doctor review the job offer. *Hubbard v. U.S. Postal Service*, MSPB Docket No. AT-0353-13-7341-B-3, Petition for Review (B-3 PFR) File, Tab 1. The agency has not responded to the appellant's petition.

---

[2] On remand, the appeal was dismissed without prejudice on two occasions due to uncertainty over an OWCP witness's testimony. B-3 RF, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction to review whether an agency's denial of restoration to a partially recovered employee was arbitrary and capricious. *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1103-04 (Fed. Cir. 2011), *superseded in part by regulation as stated in Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 10 (2016); 5 C.F.R. § 353.304(c). To establish jurisdiction over a restoration appeal as a partially recovered individual under the law applicable to this appeal, the appellant must prove the following by preponderant evidence:[3] (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious. *Bledsoe*, 659 F.3d at 1104; *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012), *superseded in part by regulation as stated in Kingsley*, 123 M.S.P.R. 365, ¶ 10, *and overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶¶ 20-21. Preponderant evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." 5 C.F.R. § 1201.4(q).

After the administrative judge issued his initial decision, the Board issued a decision clarifying the fourth jurisdictional criterion in partial restoration appeals. *Cronin*, 2022 MSPB 13.[4] In *Cronin*, the Board found that a denial of restoration

---

[3] We have applied the preponderant evidence jurisdictional standard for restoration appeals set forth by the U.S. Court of Appeals for the Federal Circuit in *Bledsoe*, 659 F.3d at 1103-04, instead of the nonfrivolous standard set forth in 5 C.F.R. § 1201.57 because this appeal was filed on September 6, 2013, prior to the March 30, 2015 effective date of the Board's revised regulation.

[4] Because the Board issued *Cronin* while this appeal was pending, it is given retroactive effect and applies to this appeal. *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 18 n.8.

is arbitrary and capricious if—and only if—the agency failed to meet its obligations under 5 C.F.R. § 353.301(d). *Id.*, ¶ 20. The Board explicitly overruled *Latham* and its progeny to the extent such precedent held that a denial of restoration may be arbitrary and capricious based on an agency's failure to comply with its self-imposed restoration obligations. *Id.* Accordingly, under *Cronin,* the Board's sole inquiry in an appeal alleging an arbitrary and capricious denial of restoration to a partially recovered employee is whether the agency complied with its obligation under 5 C.F.R. § 353.301(d). *Id.* Determining whether an agency met its obligation under section 353.301(d) will turn on whether it "ma[d]e every effort" to restore a partially recovered employee "in the local commuting area" and "according to the circumstances in each case." *Id.*, ¶ 21 (quoting 5 C.F.R. § 353.301(d)).

¶10    The sole issue on remand in this appeal concerns the fourth jurisdictional criterion, i.e., whether the appellant proved by preponderant evidence that the agency acted arbitrarily and capriciously when it sent her home on August 9, 2013, after she refused the limited-duty job offer. Remand Order, ¶ 9. The administrative judge found that, because the appellant's supervisor believed in good faith that the limited-duty job offer was within the appellant's then-existing medical restrictions, the appellant failed to show that the agency acted arbitrarily and capriciously. RID at 8. We discern no basis to disturb this conclusion.

¶11    On review, the appellant reiterates her arguments that the agency failed to consider her elbow condition and that the job offer did not comply with her medical restrictions, which prevented her from bending and reaching inside of an 80-pound tub containing a mixture of mail weighing up to five pounds or more. B-3 PFR File, Tab 1 at 4. However, the administrative judge credited the appellant's supervisor's testimony that he considered all of the appellant's then-existing medical restrictions and that the job offer did not require the appellant to lift more than five pounds. RID at 6-8 & n.4. The administrative judge further credited the supervisor's testimony that limited-duty employees

repaired damaged mail while seated at a table and there were various ways in which the agency made damaged mail easily accessible for limited-duty employees. RID at 7. For example, the supervisor recounted that the damaged mail was often brought to limited-duty employees in flat tubs and letter trays that could be placed on their sides for easy access to the mail, empty containers could be placed upside down in larger containers with mail and flats on top of the empty containers and wheeled next to the limited-duty employees while they were seated for easy access to the mail, and at times a netting was used inside larger containers to allow easy access to the mail. *Id.* In addition, the administrative judge found that the appellant offered no credible evidence to support her claim that flats weighed more than five pounds. *Id.* at 8.

¶12    On review, the appellant does not dispute any of these findings, and we discern no reason to disturb them. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Thus, although the agency here admittedly did not search the broader local commuting area for a position for the appellant, IAF, Tab 9 at 9, given the circumstances of this case, i.e., that the agency believed, in good faith, that it had placed the appellant in a suitable limited-duty position at her current facility, any such search was not required, IAF, Tab 7 at 26, 28-29; RID at 6-8; *see Cronin*, 2022 MSPB 13, ¶ 21; *see also Paszko v. U.S. Postal Service*, 119 M.S.P.R. 207, ¶ 10 (2013) (explaining that an agency's failure to search the entire local commuting area for alternative assignments does not necessarily render the denial of restoration arbitrary and capricious if it had a sufficient explanation, such as a reasonable expectation of a favorable suitability ruling from OWCP on a prior job offer).

¶13     The appellant also reiterates her argument that the agency acted arbitrarily and capriciously in not allowing her to have her physician review the job offer before sending her home. B-3 PFR File, Tab 1 at 2. The administrative judge considered this argument but found that the appellant failed to identify any authority that obligated the agency to do so. RID at 8-9 n.5. We agree with this finding. Moreover, because the Board has since clarified that an agency's failure to comply with its self-imposed restoration obligations is not material for purposes of the fourth jurisdictional criterion, *Cronin*, 2022 MSPB 13, ¶ 20, even if the appellant had successfully identified an internal agency obligation that mandated the review she sought, a different outcome would not be warranted.[5]

¶14     Accordingly, we affirm the initial decision, dismissing the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[5] As set forth in the initial decision, the appellant ostensibly alleged that the agency's disallowance of a review by her physician evinced disability discrimination. RID at 8-9 n.5. To the extent the appellant reasserts on review that the agency engaged in such discrimination, B-3 PFR File, Tab 1 at 2, a different outcome is not warranted. Indeed, the Board has clarified that claims of prohibited discrimination or reprisal cannot serve as an "alternative means" of showing that a denial of restoration was arbitrary and capricious. *Cronin*, 2022 MSPB 13, ¶ 21.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives this decision</u>.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                 _____
                                 Jennifer Everling
                                 Acting Clerk of the Board
Washington, D.C.